UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| AHMED ZAKI DAWOOD AL-HADDAD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-cv-674 (RC) |
| | : | | |
| v. | : | Re Document No.: | 7 |
| | : | | |
| JEFFERSON B. SESSIONS, III, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### I. INTRODUCTION

Plaintiff Ahmed Zaki Dawood Al-Haddad has brought this lawsuit under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, to challenge the denial of his application for refugee resettlement in the United States under Section 207 of the Immigration and Naturalization Act, 8 U.S.C. § 1157. Defendants now move to dismiss for lack of subject matter jurisdiction and failure to state a claim, arguing that his claims are non-justiciable and barred by longstanding principles of nonreviewability of visa denials. Because it lacks jurisdiction to review discretionary denials of refugee resettlement applications, the Court grants the motion to dismiss.

### II. BACKGROUND

Plaintiff Ahmed Zaki Dawood Al-Haddad ("Al-Haddad") is an Iraqi national who lives in Baghdad. *See* 2014 Request for Review, Compl. Ex. 4, at 1, ECF No. 1-4. Al-Haddad and his family have a history of involvement with U.S.-led and funded efforts in Iraq since at least 2007. *See id.* at 1–2. In 2007, Al-Haddad and his family were forced to temporarily relocate to Syria

after a failed kidnapping attempt on one of his family members caused by his older brother's work in the International Zone in Baghdad. *Id.* at 2. Between 2009 and 2013, Al-Haddad himself worked as a network engineer on a number of U.S. government contracts in the International Zone. *Id.* at 1. Al-Haddad also acted as a translator for Reuters' chief bureau officer in Baghdad during that time. *Id.* And between at least February and September 2014, Al-Haddad worked as a Communications Officer with the U.S. Agency for International Development. *Id.* at 8. As a result of their work in the International Zone and on U.S.-led projects, both Al-Haddad, his family, and his co-workers were targeted for reprisals on numerous occasions over the years. *See id.* at 2. Aside from the 2007 kidnapping attempt, Al-Haddad and his family were threatened on several occasions between 2009 and 2012. *Id.* After several of Al-Haddad's family members were admitted to the United States as refugees in 2012, threats against Al-Haddad and his older brother continued. *Id.* at 2–3.

Al-Haddad applied for refugee resettlement in the United States at some point in 2010 or earlier. *See id.* at 2. Under Section § 207 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1157, the admission of refugees is committed to the discretion of the Secretary of the Department of Homeland Security. *See* 8 U.S.C. § 1157(c)(1); 6 U.S.C. § 557. On June 16, 2014, the U.S. Citizenship and Immigration Services ("USCIS") issued Al-Haddad a notice of ineligibility for resettlement. Compl. at 5; 2014 Notice of Ineligibility, Compl. Ex. 1, at 1, ECF No. 1-1. The notice explained that Al-Haddad's application for refugee resettlement under § 207 of the INA had "been denied as a matter of discretion for security-related reasons." 2014 Notice of Ineligibility at 2.

On September 8, 2014, Al-Haddad filed a request for review of the denial, attaching a number of documents in support. Compl. at 5; *see generally* 2014 Request for Review. While

there is no formal mechanism for review of refugee resettlement applications, *see* 8 U.S.C. § 1157; 8 C.F.R. § 207.4 ("There is no appeal from a denial of refugee status under this chapter"), USCIS considers informal requests for review of such denials in its discretion, *see* Defs.' Mem. Supp. Mot. Dismiss at 3, ECF No. 7. In this case, USCIS initially responded to the request for review on September 11, 2017, overturning the denial of the request for resettlement and indicating that Al-Haddad was "now conditionally eligible for resettlement, pending all necessary . . . security clearances." Sept. 11, 2017 Request for Review Response, Compl. Ex. 9, at 1, ECF No. 1-9. However, just nine days later on September 20, 2017, USCIS issued Al-Haddad a second notice of ineligibility for resettlement, referencing both his initial application for refugee resettlement and his request for review. Compl. at 7; Sept. 20, 2017 Notice of Ineligibility, Compl. Ex. 10, at 1, ECF No. 1-10. As with the 2014 notice, USCIS indicated that "[a]fter a review of all the information concerning [Al-Haddad's] case," his application for refugee resettlement had been denied "as a matter of discretion for security reasons." Sept. 20, 2017 Notice of Ineligibility at 2.

On March 24, 2018, Al-Haddad brought suit against various U.S. government officials, alleging that the denial of his refugee resettlement application was an arbitrary and capricious decision in violation of the Administrative Procedure Act ("APA"). Compl. at 2–3. On June 15, 2018, Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Defs.' Mot. Dismiss at 1, ECF No. 7. Al-Haddad filed his opposition on August 6, 2018, Pl.'s Mem. Opp'n Mot. Dismiss at 1, ECF No. 10, and Defendants filed their reply on August 17, 2018, Defs.' Reply at 1, ECF No. 12. The motion to dismiss is now ripe for consideration.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and it is generally presumed that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, it is imperative that this Court "begin, and end," with an examination of its jurisdiction. *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004).

It is the plaintiff's burden to establish that the court has subject matter jurisdiction over his or her claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In determining whether the plaintiff has met this burden, a court must accept "the allegations of the complaint as true," *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015), and "construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged[,]" *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal quotation marks omitted). However, "the plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).

## IV. ANALYSIS

Al-Haddad challenges the discretionary denial of his refugee resettlement application pursuant to 8 U.S.C. § 1157(c)(1). He brings this challenge under § 702 of the APA, arguing that the denial caused a legal wrong that entitles him to judicial review. Compl. at 3 (citing 5 U.S.C. § 702). Defendants argue that the Court does not have jurisdiction over Al-Haddad's APA claims because the INA expressly divested courts of jurisdiction over discretionary

decisions like refugee resettlement denials. Defs' Mem. Supp. at 6. The Court agrees with Defendants, and accordingly grants the motion to dismiss.

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. § 702). However, the APA "withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review.'" *Id.* (alteration in original) (quoting 5 U.S.C. § 701(a)(1)). And the INA includes such a restriction on judicial review: it provides that "any . . . decision or action of . . . the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the . . . . Secretary of Homeland Security" is not subject to judicial review by federal courts. 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252 only includes a limited exception for review of constitutional claims or questions of law brought in a petition for review of a final removal order in a court of appeals. *Id.* § 1252(a)(2)(D).

The section of the INA pursuant to which Al-Haddad submitted his refugee resettlement application provides that the Secretary of Homeland Security "may, in the [Secretary's] discretion and pursuant to such regulation as the [Secretary] may prescribe, admit any refugee who is not firmly resettled in any foreign country, is determined to be of special humanitarian concern to the United States, and is admissible . . . as an immigrant." 8 U.S.C. § 1157(c)(1).[1] Defendants accordingly argue that the jurisdiction-stripping provisions of § 1252(a)(2)(B)(ii) foreclose any judicial review of Al-Haddad's claims, when Al-Haddad is not petitioning for

---

[1] The text of 8 U.S.C. § 1157 leaves the admission of refugees to the discretion of the Attorney General. However, authority over refugee admission was transferred to the Secretary of Homeland Security after the passage of the Homeland Security Act of 2002. *See* Pub. L. No. 107-296, §§ 451, 1517, 116 Stat. 2135, 2196, 2311 (codified as amended at 6 U.S.C. §§ 271, 557).

review of a final removal order before a court of appeals.  *See* Defs.' Mem. Supp. at 6 & n.2.  Defendants point out that the Supreme Court has specifically identified refugee admission decisions as a type of "decision[] specified by statute to be in the discretion of the attorney General, and therefore shielded from court oversight by § 1252(a)(2)(B)(ii)."  *Id.* at 6 (quoting *Kucana v. Holder*, 558 U.S. 233, 248 (2010)).  The Court agrees.

Al-Haddad argues that his claims are reviewable because the fact that "the Secretary of Homeland Security has the ultimate discretionary authority to issue a decision in particular cases, does not mean that every determination is discretionary, and hence not subject to review."  Pl.'s Mem. Opp'n at 6 (citing *Mejia Rodriguez v. Dep't of Homeland Sec.*, 562 F.3d 1137 (11th Cir. 2009)).  Al-Haddad contends that absent additional language rendering the Secretary of Homeland Security's determination fully within her discretion, a grant of authority to the Secretary to make a determination is not "specified to be in [her] discretion" under § 1252(a)(2)(B)(ii) and is thus reviewable by Courts.  *Id.* (citing *Alaka v. Attorney General*, 456 F.3d 88, 95–96 (3d Cir. 2006); *Nethagani v. Mukasey*, 532 F.3d 150, 154–55 (2d Cir. 2008)).  Separately, Al-Haddad also argues that the APA provides for the review of agency actions that are arbitrary, capricious, or an abuse of discretion.  *Id.* at 7 (citing 5 U.S.C. § 706(2)(A)).  Al-Haddad's arguments are unavailing.

Al-Haddad is undoubtedly correct that a statutory grant of authority to the Secretary of Homeland Security to make a determination in the INA is not alone enough for that determination to be "specified . . . to be in [her] discretion," 8 U.S.C. § 1252(a)(2)(B)(ii), and thus unreviewable.  Courts reviewing claims alleged to be foreclosed by § 1252(a)(2)(B)(ii) have generally found that "the provision only applies to the 'narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the

[Secretary]'s discretion.'" *Liu v. Novak*, 509 F. Supp. 2d 1, 7 (D.D.C. 2007) (quoting *Alaka*, 456 F.3d at 95).

Courts have thus refused to apply the jurisdictional bar in two sets of circumstances. First, courts have entertained claims under sections of the INA that do not *expressly* provide for agency discretion. *See, e.g.*, *Alaka*, 456 F.3d at 101–02 (finding that grant of authority to "decide" and "determin[e]" whether alien should benefit from withholding of removal under 8 U.S.C. § 1231(b)(3) did not specify discretion to the Attorney General, and thus that decision to deny withholding of removal was not unreviewable under § 1252(a)(2)(B)(ii)). And second, even when a section of the INA provides that the ultimate decision is in the executive's discretion, courts have considered claims relating to statutory eligibility for relief, which is often a precursor for the ultimate discretionary decision. *See, e.g.*, *Mejia Rodriguez*, 562 F.3d at 1143–44 (noting that while ultimate decision to grant temporary protected status was discretionary, "the director of USCIS is required to make many decisions based on his legal interpretation of an alien's statutory eligibility . . . before exercising his discretionary authority," and review of those statutory eligibility decisions was not precluded by § 1252(a)(2)(B)(ii)).

However, neither circumstance is at issue here. § 1157(c)(1) leaves the admissibility of refugees to "the [Secretary of Homeland Security's] discretion." 8 U.S.C. § 1157(c)(1). Courts to have reviewed the issue have also indicated that Congress expressly provided for agency discretion in § 1157(c)(1). *See, e.g.*, *Kucana v. Holder*, 558 U.S. 233, 248 (2010) (pointing to § 1157(c)(1) as an example of a "decision[] specified by statute 'to be in the discretion of the Attorney General,' and therefore shielded from court oversight" (quoting 8 U.S.C. § 1252(a)(2)(B)(ii))); *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 501 (1st Cir. 2016) (Lipez, J., dissenting) (same); *Alaka*, 456 F.3d at 97 n.17; *Doe v. Trump*, 288 F. Supp. 3d

7

1045, 1071 (W.D. Wash. 2017) (same).  As Defendants note, Defs.' Reply at 2, and as recognized by these courts, the language of § 1157(c)(1) clearly invokes the jurisdiction-stripping provision of § 1252(a)(2)(B)(ii).

And this case is not one where Al-Haddad asks for review of a statutory eligibility determination or of another non-discretionary decision, as the plaintiff did in *Mejia Rodriguez*.  Neither is Al-Haddad challenging the government's failure to act.  *Cf. Doe*, 288 F. Supp. 3d at 1071–72 (contrasting plaintiffs' claims that the Secretary of Homeland Security "fail[ed] to act on refugee applications" with circumstances where a plaintiff would "challeng[e] a denial of refugee admission," and noting that pursuant to § 1157(c)(1), "the Secretary may have discretion over what the decision will be, but not over whether a decision will be made").  Here, Al-Haddad asks this Court to reverse "the wrongful denial of [his] Application for Refugee Resettlement in the U.S. 'as a matter of discretion for security related reasons.'"  Compl. at 2 (quoting 2014 Notice of Ineligibility at 2).  He specifically requests that this Court "[o]rder Defendants to reopen and approve Plaintiff's Application and issue the corresponding visa to . . . Plaintiff."  *Id.* at 8.  Al-Haddad points to the inconsistency between USCIS's approval of his request for reconsideration and the renewed denial of his application only a few days later.  *See* Pl.'s Mem. Opp'n at 7.  But the September 20, 2017 Notice of Ineligibility specifically refers both to Al-Haddad's application and to his request for review, *see* Sept. 20, 2017 Notice of Ineligibility at 1, and indicates that Al-Haddad's application is denied as a matter of discretion "[a]fter a review of all the information concerning [his] case," *id.* at 2.  As with the initial notice, the renewed notice thus makes clear that USCIS made a final, discretionary decision in light of all the information it had available.  The jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) bars the review of such a final discretionary decision.

Finally, the APA's section providing for reviewability of agency action that is arbitrary, capricious, or contrary to law cannot save Al-Haddad's claims. Al-Haddad argues that "Defendants' argument that the Court lacks jurisdiction . . . ignores the issue of a decision found to be arbitrary and capricious, and an abuse of agency discretion" pursuant to 5 U.S.C. 706(2)(A). Pl.'s Mem. Opp'n at 5. But § 706(2)(A) only applies if the Court has subject matter jurisdiction to consider Al-Haddad's APA claims. As discussed above, because 5 U.S.C. § 701 provides that the APA does not apply when a statute otherwise precludes jurisdiction, and because the INA does preclude review of refugee resettlement denials, the Court does not have subject matter jurisdiction under the APA and thus cannot consider Al-Haddad's arguments under § 706(2)(A).

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 7) is **GRANTED**, and this case is **DISMISSED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  January 16, 2019                                     RUDOLPH CONTRERAS
                                                             United States District Judge